105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Barbara J. MOLLER, Plaintiff-Appellant,
v.
STATE PERSONNEL BOARD, Defendant,
and
Department of Social Services; Eloise Anderson; Robert
Sertich; Sharon Lovan, Branch Training Coordinator 1991;
Jean Bush, Jane Deluchi; Lucy Washington; Anne Spatola;
Bureau Chief of Operations Support 1991; State of
California, Defendants-Appellees.
 
 No. 95-16620.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Dec. 31, 1996.
 Before RONEY**, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Barbara Moller appeals pro se the district court's judgment entered in this employment termination case for defendant employer at the close of her case during a bench trial. In order to win this case, it was first necessary for the plaintiff to make a prima facie case of race discrimination in the termination of her employment. A careful review of the briefs and record reveals the district court correctly held there was insufficient evidence to carry this initial burden. We affirm.
 
 
 3
 Barbara Moller, a licensed nurse, began working on March 4, 1991 as a Disability Evaluation Analyst for the defendant, Department of Social Services, and received a Notice of Rejection During Probation terminating her employment effective October 17, 1991. Such notices are issued by state agency employers and permit the terminated employee to appeal to the California State Personnel Board. Cal.Gov.Code §§ 19173, 19175. A hearing was held on April 9, 1992, before an administrative law judge, who recommended that the termination from state service be sustained. The California State Personnel Board, an administrative agency of the State of California with adjudicative powers charged with administering the civil service laws, adopted that recommendation.
 
 
 4
 Plaintiff thereafter filed a mandamus action in California Superior Court pursuant to California Code of Civil Procedure section 1094.5. The superior court denied the petition. The California Court of Appeal affirmed the judgment of the superior court on February 25, 1994. The California Supreme Court denied review on May 11, 1994.
 
 
 5
 Moller, who is Caucasian, alleged several causes of action in addition to race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. All were disposed of on motion prior to the bench trial of the race discrimination claim which we address first.
 
 
 6
 The district court tried the remaining issues which turned on race discrimination, and after plaintiff had presented her case-in-chief, dismissed all of her claims. Plaintiff's brief contends the district court erred in dismissing plaintiff's Title VII claim for failure to make out a prima facie case of race discrimination during her case-in-chief. A district court's conclusion whether a plaintiff has satisfied the elements of a prima facie case of race discrimination under Title VII is reviewed de novo. Heller v. Ebb Auto Corp., 8 F.3d 1433, 1438 (9th Cir.1993).
 
 
 7
 The prima facie case may be based on either direct evidence of discriminatory intent or circumstantial evidence using a variation of the formula in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). In applying McDonnell-Douglas in a discriminatory termination context, a plaintiff must show: (1) membership in a protected class; (2) "that he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance;" and (3) "that his employer sought a replacement with similar qualifications to his own, thus demonstrating a continued need for the same services and skills." Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1075 (9th Cir.1986). Plaintiff need only offer evidence which "gives rise to an inference of unlawful discrimination." Wallis, 26 F.3d at 889.
 
 
 8
 The record reveals that Moller failed to present the minimal evidence necessary, either direct or circumstantial, to make out such a prima facie case. Moller presented evidence that one of her trainers, who is African-American, made a rude remark, but there is no evidence that the remark in any way referred or alluded to Moller's race. Plaintiff presented evidence of a race-related remark by a co-worker, but provided no evidence that the remark was related in any way to the adverse employment action.
 
 
 9
 Plaintiff reiterated and expanded upon this evidence in her appellate brief, as well as alleging more generalized complaints of mistreatment and unfairness, much of which plaintiff conceded was caused by white supervisors and about which trainees in general complained. The district court correctly ruled that this evidence did not show Moller's termination was race-related.
 
 
 10
 Plaintiff also asserted a pendent state law claim for emotional distress. Because that claim was based upon the allegation of race discrimination, it necessarily follows that the district court correctly dismissed that claim as well.
 
 
 11
 Plaintiff's complaint alleged age discrimination in violation of 29 U.S.C. §§ 621 and 623(a)-(e). The district court correctly dismissed this claim before trial because plaintiff failed to first file a claim with the EEOC alleging age discrimination and she did not indicate in the EEOC claim that she did submit that age was an issue. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1475-76 (9th Cir.1989) ("Incidents of discrimination not included in the EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.' ").
 
 
 12
 Plaintiff sought compensatory damages for violation of the notice provisions in the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1166. Basically, COBRA provides that employers must allow former employees the opportunity to continue health care coverage under the employer's plan if a qualifying event occurs. 29 U.S.C. § 1161. Termination of employment is a "qualifying event" that triggers the notice requirements of the Act. 29 U.S.C. § 1163(2). The agency conceded that plaintiff failed to receive proper notice and accepted liability for any medical and dental bills she incurred during the period after her regular employee medical benefits expired until the time proper notice was provided.
 
 
 13
 The district court correctly determined that plaintiff did not produce evidence that she suffered recoverable damages relating to the COBRA notification requirements. The medical and dental bills she incurred during the relevant time period were not in excess of what the premiums would have been had she purchased medical and dental insurance. See Ward v. Bethenergy Mines, Inc., 851 F.Supp. 235, 240 (S.D.W.Va.1994). Plaintiff in her brief claims that the district court failed to consider all of her evidence of expenses. Plaintiff offers no support for that claim, nor does she show how, if true, it would change the outcome of the issue.
 
 
 14
 On pretrial motions, the district court imposed a penalty on the defendants for failing to give timely notice to plaintiff regarding her COBRA claim. That penalty has been paid and is not an issue on appeal.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Paul H. Roney, Senior Circuit Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3